```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

CHARLES H. WEISE,

    Plaintiff,

v.

                              CIVIL ACTION NO.  1:08-0271

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation ("PF&R") on July 31, 2009, in which he recommended that the court deny plaintiff's motion for summary judgment, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  On August 6, 2009, plaintiff timely filed objections to the magistrate judge's Proposed Findings and

Recommendation.  With respect to those objections, the court has conducted a de novo review of the record.

The court notes that judicial review in social security cases is quite limited.  The magistrate judge's review is to determine if the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that he or she applied the proper legal standards.  See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id.  Therefore, with respect to each of plaintiff's specific objections, this court has reviewed the record to determine whether each finding of the ALJ is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.

Plaintiff's objections are directed at the magistrate judge's conclusion that the ALJ's evaluation of plaintiff's alleged mental impairments was supported by substantial evidence.  Plaintiff specifically takes issue with the ALJ's treatment of the opinion of Licensed Psychologist Teresa E. Jarrell and the ALJ's failure to order a consultative psychological or psychiatric examination.  Plaintiff's argument is without merit.

On May 2, 2006, plaintiff filed an application for benefits, alleging disability as of May 1, 2006, due to a bulging disc at

L5, diabetes, hyperlipidemia, and loss of hearing.  Tr. at 19, 58, 61, 73-75, 83.  Weise's application did not allege that he was disabled because of a mental impairment.  The claim was denied initially and on reconsideration and, on November 1, 2006, Weise requested a hearing before an ALJ.  Tr. at 52-54, 58-63.  A hearing was held on May 17, 2007, before Administrative Law Judge Steven A. DeMonbreum.  Tr. at 276-334.

At the hearing, the following exchange occurred between the ALJ and Weise's attorney regarding the attorney's written request for a consultative mental evaluation:

> ALJ: And I've also read that you're requesting a mental evaluation, consultative mental evaluation, which - -
>
> Atty: That's not so much an adamant request, Your Honor.  It just is based on the testimony and what, what comes out today, that I'd just ask that you keep that - -
>
> ALJ: Okay.
>
> Atty: - - as, as a possibility.
>
> ALJ: If - - I guess, on the - - if it was depression and anxiety, I'd note Exhibit 8F/2, that he denies any anxiety or depression.
>
> Atty: And that - - I would concede that.  But the basis of my request was, at 10F, it looks like the rheumatologist, Dr. Ahmad (Phonetic), had been treating him with Effexor, and had actually wanted to put him

3

                    on Cymbalta, and switched that to Effexor,[1] so –

ALJ:       But, but, as you know, they use these antidepressants in conjunction with some of the pain medication because it enhances their effect.

Atty:      That's true. I --

ALJ:       Because I don't - - I'd looked, actually, I'd looked at that. That caught my eye. But I don't actually see him diagnosing anxiety, or depression, or any mental disorder, so at this time, I'll deny the request, but, you know, listen to the testimony, and maybe your new record from Dr. Havier [sic] shows something.

Atty:      Okay. Thank you.

Tr. at 280-81.

After the hearing, on May 22, 2007, Weise underwent a psychological evaluation at the request of his attorney to obtain "information regarding his emotional/behavioral functioning." Tr. at 245. The examination was performed by Licensed Psychologist Teresa E. Jarrell, M.A. Ms. Jarrell diagnosed major depressive disorder, single episode, severe, without psychotic features; generalized anxiety disorder; pain disorder associated with both psychological factors and a general medical condition; personality disorder, not otherwise specified; and a GAF of 55.

---

[1] Dr. Ahmad noted that plaintiff denied experiencing any anxiety or depression. Tr. at 218. Plaintiff himself testified that Dr. Ahmad prescribed Effexor to treat his chronic pain, back pain, and muscle pain. Tr. at 303. In a form he completed on August 26, 2006, Weise wrote that he began taking Cymbalta on August 8, 2006, to help with his pain. Tr. at 130.

4

Tr. at 252.  Ms. Jarrell opined that the severity of Weise's depression and anxiety would interfere with his ability to understand, remember, and carry out instructions, detailed or complex; maintain concentration, persistence, or pace for extended periods of time; consistently and repetitively carry out even simple tasks; relate appropriately to supervisors, co-workers, and the general public; exhibit reliability; and tolerate stress, to the point he would decompensate under stress.  Tr. at 252-53.  According to Ms. Jarrell, plaintiff's prognosis to resume "sustained competitive gainful employment" was poor.  Tr. at 253.  By letter dated May 28, 2007, Weise's attorney forwarded the records from Ms. Jarrell's evaluation of claimant to ALJ DeMonbreum to be considered in his evaluation of Weise's claim.  Tr. at 19, 242.

As Magistrate Judge VanDervort noted in his Proposed Findings and Recommendation:

> Every medical opinion received by the ALJ must be considered in accordance with the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d) (2007).  These factors include: (1) length of the treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4)consistency, (5) specialization, and (6) various other factors.  Additionally, the Regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

Proposed Findings and Recommendation at 13-14, n. 3 (quoting 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)).  The regulations go

5

on to state that more weight will be given to the medical opinion of an examiner than a non-examiner and more weight will be given to a treating source than a non-treating source (such as an examiner or non-examiner).

In his decision denying plaintiff's claim, the ALJ considered plaintiff's alleged mental impairment and noted:

> After the hearing, the claimant was sent to a psychologist by his attorney for a psychological evaluation (Exhibit 12F). When he filed for disability, claimant made no claimant [sic] of a mental impairment in his May 2006 disability report (Exhibit 2E). He has undergone no mental treatment by a mental health care provider[2] and his treating physician has made no such referral. The psychologist has diagnosed the claimant with a number of mental impairments, including depression, anxiety, a pain disorder, and a personality disorder. Although the psychologist states a Global Assessment of Functioning of 55, indicating moderate limitations in functioning, she opines as to marked mental limitations that essentially preclude any employment. To the extent the claimant has any mental impairment, it has not been credibly shown to have a duration of 12 consecutive months (it was not even alleged by the claimant in May 2006) and has not been credibly shown to be "severe" as to cause significant limitations in work functioning (as discussed below, little weight is given to the psychological assessment obtained at the direction of counsel).

---

[2] As noted earlier, the evidence in the record suggests that the antidepressants were prescribed to help plaintiff manage his pain. In his filings with this court, plaintiff alleges that there is evidence that the Effexor was prescribed to treat depression. See Objections at 1-2. This evidence consists of plaintiff's handwritten notes that the medication was prescribed to treat depression. However, plaintiff's assertions are not supported by Dr. Ahmad's notes.

Tr. at 25. The foregoing shows that the ALJ considered Ms. Jarrell's opinion but decided to give it little weight for reasons supported by the record.

As to plaintiff's argument that the ALJ erred by substituting his own opinion for that of Ms. Jarrell, a review of the ALJ's decision makes clear that his treatment of Ms. Jarrell's opinion was supported by substantial evidence. In summarizing his consideration of Ms. Jarrell's findings, the ALJ stated:

> Subsequent to the hearing, claimant's attorney sent him for a psychological evaluation. There had been no treatment or allegations of mental impairment prior to this. This report (Exhibit 12F) by Teresa Jarrell, M.A., finds depression and anxiety causing significant impairment in concentration, attention, ability to relate to others etc. The undersigned has considered this and gives it little weight. These conclusions are not consistent with the claimant's daily activities or the objective medical evidence. The claimant reads, watches movies, does crossword puzzles, and drives. All these activities require good concentration. Further, he has never mentioned anything in regard to depression or anxiety to treating physicians. Mr. Weise also stated he gets along well with others (Exhibit 3E).

Tr. at 27. Based on the foregoing, it appears that the ALJ properly evaluated Ms. Jarrell's opinion in accordance with the factors outlined under 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

With respect to the first factor, length of treatment and frequency of evaluation, Ms. Jarrell conducted a one-time examination of plaintiff. With respect to the second factor,

there was no treatment relationship. As to supportability and consistency, the ALJ gave a reason for the weight he gave Ms. Jarrell's opinion: that, on the whole, it was inconsistent with and not supported by the other evidence in the record.[3] Furthermore, the ALJ found the opinion to be internally inconsistent.[4] The ALJ made specific references to those portions of Ms. Jarrell's opinion that were not supported by the record which confirms that: 1) he reviewed the opinion in its entirety, 2) considered it against the other evidence in the record, and 3) determined the weight to be given the opinion consistent with the requirements of the regulations.

Although plaintiff does not agree with the ALJ's ultimate findings, he has cited no legal authority which mandates that controlling weight be given to Ms. Jarrell's opinion, especially when the opinion has been called into question by the 20 C.F.R. §

---

[3] For example, after an examination on June 28, 2006, Dr. Gary Craft reported that plaintiff's gross mental status was intact, that he was well oriented, alert, and cooperative, and that he related well to other people. Tr. at 194-95. On May 10, 2006, plaintiff noted that his impairments did not affect his memory, ability to complete tasks, concentration, understanding, ability to follow instructions, and ability to get along with others. Tr. at 95. Weise further noted that he was good at following written instructions, fair at following spoken instructions, got along "fair to good" with authority figures, and was good at handling stress. Tr. at 95-96.

[4] Ms. Jarrell assessed a GAF of 55, which is indicative of only moderate limitations in functioning. Tr. at 252. However, Ms. Jarrell also assessed poor or "marked" limitations which would preclude any employment. Tr. at 243-44.

416.927(d)(2) factors. This is because no such authority exists. Even the opinion of a treating source may be rejected if it is inconsistent with other substantial evidence of record. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see also Hawkins v. Massanari, 2001 WL 1191107 (W.D.N.C. 2001) (finding no error in ALJ's rejection of opinion of one-time consultative examination where ALJ properly evaluated opinion pursuant to 20 C.F.R. § 416.927(d)(2)).

The ALJ's determination that plaintiff did not suffer from a severe mental impairment and the decision not to order a consultative psychiatric or psychological examination are supported by evidence in the record showing that: 1) plaintiff did not claim a mental impairment contributed to his alleged disability in his disability application; 2) he did not receive treatment for a mental impairment during the relevant time period; 3) except for Ms. Jarrell's opinion, there is no medical diagnosis of a mental impairment; 4) none of plaintiff's treating physicians referred him to a mental health specialist; 5) at his hearing before the ALJ, plaintiff alleged he had stopped working because of back pain, not a mental impairment; and 6) plaintiff cannot establish the durational requirement for severity.[5]

---

[5] A severe medically determinable mental impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509. Plaintiff alleges disability beginning May 1, 2006, the day before he filed his application for benefits. Tr. at 73. However, he was not

Although an ALJ has a duty to develop the record fully and fairly, he is not required to act as claimant's counsel. Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994). Furthermore, this duty to develop does not mandate that an ALJ "order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253, 1269 (11th Cir. 2007). It is the claimant's ultimate responsibility to prove to the Commissioner that he is disabled. See 20 C.F.R. §§ 404.1512(a), 416.912(a) (stating that "in general, you have to prove to us that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)."). As the Supreme Court noted:

> The severity regulation does not change the settled allocation of burdens of proof in disability proceedings. It is true . . . that the Secretary bears the burden of proof at step five . . . [b]ut the Secretary is required to bear this burden only if the sequential evaluation process proceeds to the fifth step. The claimant first must bear the burden . . . of showing that . . . he has a medically severe impairment or combination of impairments . . . . If the process ends at step two, the burden of proof never shifts to the Secretary . . . . It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.

---

examined by Ms. Jarrell until over a year later. Therefore, pursuant to § 404.1509, plaintiff's alleged mental impairment does not meet the durational requirement for severity.

Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987).  Furthermore, an "ALJ is entitled to assume that a claimant represented by counsel `is making his strongest case for benefits.'"  Nicholson v. Astrue, 2009 WL 2512417, *4 (7th Cir. 2009)(quoting Glenn v. Sec'y of Health and Human Servs., 814 F.2d 387, 391 (7th Cir. 1987)).

In this case, there was sufficient evidence for the ALJ to make a decision regarding plaintiff's alleged mental impairment such that a consultative psychiatric or psychological examination was not warranted.  "The ALJ in this case did not discredit psychiatric and psychological evidence, as such evidence is entirely absent from the record, with the exception of [Ms. Jarrell's] opinion, for which the ALJ provided adequate rationale for not accepting.  In this case, there is an absence of treatment as well as an absence of any serious diagnoses.  Moreover, because there is sufficient evidence for the ALJ to make a decision on [Weise's] mental capabilities, he was not required to order a consultative examination."  Bowen v. Astrue, 2008 WL 2455399, *17 (W.D. Va. 2008).

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision.  42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Upon review of the record, the court finds ample evidence supporting the ALJ's evaluation of plaintiff's mental

11

impairments, their impact on his ability to work, and the weight given to Ms. Jarrell's opinion. Accordingly, plaintiff's objections are OVERRULED.

## CONCLUSION

For the reasons set forth above and in a separate Judgment Order to be filed this day, the court OVERRULES plaintiff's objections to Magistrate Judge VanDervort's Findings and Recommendation. Accordingly, the court adopts his Findings and Recommendation and DENIES plaintiff's motion for summary judgment, GRANTS defendant's motion for judgment on the pleadings, AFFIRMS the final decision of the Commissioner, and DISMISSES this case from the active docket of the court.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 30th day of September, 2009.

ENTER:

David A. Faber
Senior United States District Judge